# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANDRE GRIER,

        Plaintiff,

v.                                                  Case No. 3:16-CV-525-NJR-GCS

JACOB ANDERSON, ETHAN CLARY,
TREVOR GOODRUM, BENJAMIN
VAUGHN, and UNKNOWN PARTY,

        Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Report and Recommendation by Magistrate Gilbert

C. Sison (Doc. 80), which recommends that the Court deny the Motion for Summary

Judgment filed by Defendants Ethan Clary ("Clary"), Trevor Goodrum ("Goodrum"), and

Benjamin Vaughn ("Vaughn") (Doc. 69). Defendants timely objected to the Report and

Recommendation (Doc. 84). For the reasons set forth below, the Court adopts in part and

rejects in part the Report and Recommendation.

### STANDARD OF REVIEW

When timely objections are filed, the Court must undertake *de novo* review of the

portions of the Report and Recommendation subject to objections. 28 U.S.C. § 636(b)(1); FED.

R. CIV. P. 72(b); SDIL-LR 73.1(b); *Jackson v. United States*, 859 F.3d 495, 498 (7th Cir. 2017). This

requires the Court to look at all evidence contained in the record, give fresh consideration to

those issues referred to by the specific objections that have been made, and make a decision

"based on an independent review of the evidence and arguments without giving any

presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

FINDINGS OF FACT

As Defendants have objected only to select portions of the facts as described by Judge Sison, this Court generally adopts the Findings of Fact in Judge Sison's Report and Recommendations (Doc. 80 at 4–10) and finds *de novo* the facts discussed below.

Defendants argue that there is no inconsistency between the deposition testimony of Vaughn and Goodrum and their incident reports. The Court has reviewed these documents, and finds as follows:

1. In Vaughn's incident report, completed on August 1, 2015, at 10:30 p.m., Vaughn described an incident that had occurred at approximately 6:28 p.m. that day. Vaughn stated that he observed Anderson pull Grier aside for a "random shakedown" and order him to put his tray down. Vaughn wrote that Grier said "fuck you" to Anderson and that Anderson ordered Grier to set down his tray and turn around. Vaughn wrote that Grier then set his tray on the dietary table and again said "fuck you" and "forcefully pushed c/o Anderson in the chest with both hands[,]" after which Vaughn responded, ordering Grier to stop resisting. Vaughn stated that Grier then "began struggling with c/o Anderson" after which Vaughn called a Code 1, and officers Cales and Goodrum "assisted in trying to gain control of i/m Grier." Vaughn further states that he saw Grier "grab ahold of c/o Anderson" and that Vaughn then deployed pepper spray to Grier's "mucous membrane area" (Doc. 72-1 at 2).

2. In Vaughn's deposition, he says that he saw Anderson go up to Grier for a pat-down

and heard Grier use an expletive, after which Anderson told him to set his tray down. Vaughn stated that he saw Grier "moving towards the table" after which Vaughn thought that the "incident was done" and he "went back to scanning the room." However "out of the corner of [Vaughn's] eye" he then "saw the offender make contact with the officer" and "that's when the officer shoved the offender to create distance." Vaughn then called the Code 1, Grier continued to resist staff, and Vaughn then sprayed him with pepper spray (Doc. 70-3 at 11).

3. In Goodrum's incident report, completed on August 1, 2015 at 10:30 p.m., Goodrum described an incident that occurred at 6:28 p.m. that day. Goodrum stated that while watching the chow line, Goodrum witnessed "I/M Grier yell 'fuck you' and then forcefully push C/O Anderson." Goodrum stated that he then "assisted in getting I/M Grier to the floor after Lt. Vaughn 5977 used pepper spray to gain control of I/M Grier" (Doc. 72-2).

4. In Goodrum's deposition testimony, he stated that did not witness what happened prior to hearing Grier say "fuck you," and looking over and seeing "some sort of small scuffle." At that point, he received the Code 1 and responded, pinning Grier to the wall (Doc. 70-4 at 6).

PROCEDURAL HISTORY

On May 12, 2016, Grier filed his complaint against defendants Anderson, Vaughn, Goodrum, and Clary, as well as Warden R.D. Moore of Lawrence Correctional Center, Correctional Officer Bangert, and an unidentified nurse at Lawrence Correctional Center Doc. 1). Judge Michael J. Reagan reviewed the complaint and allowed Grier to proceed on five counts:

| | |
|---|---|
| Count One: | Excessive Force claim against Defendant Anderson for the events of August 1, 2015, including pushing Plaintiff, pepper spraying him, pushing him into the ground, and running his head into the wall; |
| Count Two: | Excessive Force claim against Goodman [sic] and Vaughn for running Plaintiff's head into the wall on August 1, 2015 while he was handcuffed; |
| Count Three: | Deliberate indifference claim against Anderson, Goodman [sic], and Vaughn for not taking Plaintiff directly to health care after the incident; |
| Count Four: | Deliberate indifference claim against Clary for refusing to get Plaintiff medical attention for his injuries on several occasions prior to August 4, 2015; and |
| Count Five: | Deliberate indifference claim against unknown nurse Jane Doe for refusing to treat Plaintiff's injuries on August 1, 2015. |

(Doc. 8 at 6).[1]

On September 14, 2018, Defendants Clary, Goodrum, and Vaughn filed a Motion for Summary Judgment, arguing that they are entitled to summary judgment on Counts Two, Three, and Four (Doc. 69 at 1–2). Grier timely responded, stating that he withdrew his deliberate indifference claims against Defendants Vaughn and Goodrum from Count Three but otherwise opposing summary judgment on Counts Two and Four (Doc. 72 at 2, 11 n. 2).

In his Report and Recommendation (Doc. 80), Judge Sison recommended denying summary judgment on Counts Two, Three, and Four. On Count Two, Judge Sison contrasted defendants' contentions based on the video recording and depositions with Grier's argument that the depositions and incident reports showed inconsistencies, finding that there were material issues of fact that must be decided by a jury (*Id.* at 12–13). On Count Three, Judge

---

[1] This case was transferred to the undersigned because Judge Michael J. Reagan retired last year.

Sison found that "the record contains conflicting evidence as to whether [Vaughn and Goodrum] were aware that Grier was injured during the altercation and whether they refused to help Grier to get the medical treatment he needed" (*Id.* at 14) Similarly, on Count Four, Judge Sison found that the record contained conflicting evidence regarding Grier's version of events and Clary's version of events (*Id.*). Lastly, Judge Sison recommended that the Court dismiss the Unknown Party in Count Five for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (*Id.* at 15).

Defendants Vaughn, Goodrum, and Clary timely objected to Judge Sison's recommendations as to Counts Two and Three. On Count Two, Defendants argue that Judge Sison failed to consider the perceived threat observed by Vaughn and Goodrum prior to the use of force (Doc. 84 at 3). On Count Three, Defendants argue that Grier's statement that he withdrew his deliberate indifference claims against Vaughn and Goodrum should be sufficient to grant summary judgment, arguing in the alternate that it is undisputed that Vaughn and Goodrum had no involvement with Grier after the altercation (*Id.* at 4–5).

## LEGAL STANDARDS

Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317,232-24 (1986).

In determining whether a genuine issue of fact exists, the Court must view the

evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A merely cognizable issue of fact is insufficient to deny summary judgment, and an opposing party must present sufficient evidence to enable a reasonable jury to render a verdict in their favor. *Anderson*, 477 U.S. at 251–52; *Hobgood v. Illinois Gaming Board*, 731 F.3d 635, 643 (7th Cir. 2013). A "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence[.]" *Reid v. Neighborhood Assistance Corp. of America*, 749 F.3d 581, 586 (7th Cir. 2014) (*quoting Abdullahi v. City of Madison*, 423 F.3d 763, 769 (7th Cir. 2005)). However, the nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "Inferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions, or rumors[.]" *Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146 (7th Cir. 1994).

DISCUSSION

I.    **Count Three Against Vaughn and Goodrum**

On Count Three, the Court notes that Grier has indeed indicated that he withdraws his deliberate indifference claims against Vaughn and Goodrum. Where a plaintiff indicates intent to withdraw claims, no reasonable jury could find for the plaintiff, and summary judgment is warranted. Accordingly, the Court grants summary judgment to Vaughn and Goodrum on Count Three.

## II.     Count Two excessive force claims against Vaughn and Goodrum

A. *Applicable Law*

In determining whether an officer's use of force has violated an inmate's rights under the Eighth Amendment, a Court must assess whether "force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). In making this determination, the Court shall look to various factors, including (1) the need for the application of force, (2) the relationship between the need and the force applied, (3) the threat reasonably perceived by the officer, (4) the effort made to temper the severity of the force, and (5) the extent of the injury suffered. *See Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). It is "the mindset of the individual applying the force" that will generally be the decisive factor in excessive force cases. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009)

B. *Discussion*

Defendants object to Judge Sison's recommendation that summary judgment be denied, arguing that Judge Sison failed to consider the "perceived threat" observed by Vaughn and Goodrum prior to their use of force. In describing this perceived threat, Defendants note that Vaughn and Goodrum perceived Grier "making contact" with Anderson.

Merely observing that Grier made contact with Anderson is insufficient justification for the use of force that followed that contact. Reviewing the video footage, the Court finds that the contact was slight, if it occurred at all, a mere flick of an elbow, which is not clearly intentional and may have been a consequence of Grier putting down his tray. If Vaughn and Goodrum were shown to have actually seen the entire incident beginning with this contact,

a reasonable jury would be hard-pressed to find that their subsequent use of force was a good faith effort to impose discipline.

A better argument for Vaughn and Goodrum would be that they did not see this initial contact between Anderson and Grier and responded only after Anderson shoved Grier and begun grappling with him against the wall. The deposition testimony of Vaughn and Goodrum appears to support this view. The depositions are contradicted, however, by the incident reports in which Vaughn and Goodrum represented that they had seen the entire altercation and stated that Grier had shoved Anderson with both hands, an incident that the video plainly shows not to have occurred. There is a genuine issue of fact here, and a reasonable jury could well find for Grier. Accordingly, summary judgment is not appropriate.

<h2 style="text-align:center">CONCLUSION</h2>

For the reasons set forth above, the Court **ADOPTS in PART and REJECTS in part** the Report and Recommendation of Magistrate Judge Sison (Doc. 80). The Motion for Summary Judgment filed by Defendants Vaughn, Goodrum, and Clary (Doc. 69) is **GRANTED in part and DENIED in part**. Per Judge Sison's Report and Recommendation, Count Five against Jane Doe shall be **DISMISSED** for failure to prosecute.

This case shall now proceed on the following claims:

Count One:       Excessive force claim against Defendant Anderson for the events of August 1, 2015, including pushing Plaintiff, pepper spraying him, pushing him into the ground, and running his head into the wall;

Count Two:       Excessive force claim against Goodrum and Vaughn for running Plaintiff's head into the wall on August 1, 2015 while he was handcuffed;

Count Three:    Deliberate indifference claim against Anderson for not taking Plaintiff directly to health care after the incident; and

Count Four:     Deliberate indifference claim against Clary for refusing to get Plaintiff medical attention for his injuries on several occasions prior to August 4, 2015.

**IT IS SO ORDERED.**

**DATED:   March 9, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**